*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0038P (6th Cir.)
File Name:  00a0038p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In Re:  SHELTON HARRISON
CHEVROLET, INC.,
                    *Debtor.*

                                        No. 98-6537

GEORGE W. STEVENSON,
Trustee for Shelton Harrison
Chevrolet, Inc.,
          *Plaintiff-Appellant,*


          *v.*


LEISURE GUIDE OF AMERICA,
INC., d/b/a LEISURE VANS,
          *Defendant-Appellee.*



Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 96-02875—Jon Phipps McCalla, District Judge.

Argued:  September 16, 1999

Decided and Filed:  January 31, 2000

1

Before:  RYAN, MOORE, and GIBSON,[*] Circuit Judges.

_____

**COUNSEL**

**ARGUED:**   Michael P. Coury, WARING COX, PLC, Memphis, Tennessee, for Appellant.  Steven N. Douglass, APPERSON, CRUMP & MAXWELL, Memphis, Tennessee, for Appellee.  **ON BRIEF:**  Michael P. Coury, WARING COX, PLC, Memphis, Tennessee, for Appellant.  Steven N. Douglass, Toni Campbell Parker, APPERSON, CRUMP & MAXWELL, Memphis, Tennessee, for Appellee.

   RYAN, J., delivered the opinion of the court, in which MOORE, J., joined.  GIBSON, J. (p. 9), delivered a separate dissenting opinion.

_____

**OPINION**
_____

   RYAN, Circuit Judge.  The issue in this case is whether, under the "contemporaneous exchange" exception to a bankruptcy trustee's avoidance powers pursuant to 11 U.S.C. § 547 (1993), a document called a Manufacturer's Statement of Origin (MSO) has "new value" when it is delivered to the purchaser of a new vehicle more than a week after the purchaser pays for the vehicle.

   We hold that, in this case at least, the MSO did not itself have "new value" and reverse the judgment of the district court.

_____

[*] The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## I.

Shelton Harrison Chevrolet, Inc., was an automobile dealer operating in Tennessee. Leisure Guide of America, Inc., d/b/a Leisure Vans, is a Georgia corporation that customizes vans for resale to retail automobile dealers. Between June and August 1991, Shelton placed orders to purchase six customized vans from Leisure Vans and received delivery of the vans between August 22 and 24. Upon delivery, Shelton tendered six checks to Leisure Vans for these vehicles in the amounts of $7,995, $7,995, $4,145, $5295, $5295, and $5295. When all six checks bounced, the President of Leisure Vans called Shelton and was assured that the checks would clear if presented again. Leisure Vans proceeded to present the same checks for payment, and the checks were honored on September 4, 1991. After the checks cleared, Leisure Vans delivered the MSOs on the six vehicles to Shelton.

There was no security agreement between Leisure Vans and Shelton to secure payment of the van conversion packages. Shelton did not sell any of the converted vans before it received the MSOs.

## II.

Shelton filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 26, 1991, less than 90 days after Shelton's checks cleared and Leisure Vans transferred the MSOs. The Chapter 11 proceeding was subsequently converted to a Chapter 7 proceeding. In 1994, the bankruptcy trustee filed a complaint against Leisure Vans to recover preferential transfers totaling $36,020, the sum of Shelton's checks for the six customized vans, pursuant to 11 U.S.C. § 547(b). The trustee and defendant Leisure Vans filed cross-motions for summary judgment. The bankruptcy court held that the bankruptcy trustee could not avoid the transfers because the delivery of the MSOs in exchange for the honored checks constituted a contemporaneous exchange for new value, establishing an exception to the trustee's avoidance authority under section 547(c)(1). Thus, the bankruptcy court granted summary judgment in favor of Leisure Vans.

The district court affirmed. The district court held that the bankruptcy court's determination that the MSOs had a value approximately equal to that of the vehicles was not clearly erroneous. The court relied upon Tennessee's motor vehicle registration statute, which requires a person who buys a new vehicle from a dealer to submit an MSO to the state in order to obtain a certificate of title. Based upon this law, the court held that Leisure Vans's release of the MSOs upon receipt of payment constituted a contemporaneous exchange for new value under section 547(c)(1).

## III.

We review the grant of summary judgment *de novo*. *In re Larbar Corp.*, 177 F.3d 439, 443 (6th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). We note at the outset that the district court, in reviewing for clear error the bankruptcy court's holding that the MSOs constituted "new value," applied the wrong standard of review.

Section 547 of the Bankruptcy Code authorizes bankruptcy trustees to avoid preferential transfers. Specifically, the bankruptcy trustee "'may avoid any transfer' of the debtor's property to a creditor 'for or on account of an antecedent debt owed by the debtor before such transfer was made' that diminishes the estate or creates an inequality among classes of creditors, if the debtor was insolvent, and the transfer was made within 90 days of the filing of the [bankruptcy] petition." *In re Pitman*, 843 F.2d 235, 238 (6th Cir. 1988) (quoting 11 U.S.C. § 547(b)). The provision is designed "to accomplish proportionate distribution of the debtor's assets among its creditors, and therefore to prevent a transfer to one creditor that would diminish the estate of the debtor that otherwise would be available for distribution to all." *In re Nucorp Energy, Inc.*, 902 F.2d 729, 733 (9th Cir. 1990).

_____

### DISSENT

_____

JOHN R. GIBSON, Circuit Judge, dissenting. I must confess that my concerns with the conclusion the court reaches today may spring from the potential conflict between Tennessee's vehicle registration laws and the state's requirements for obtaining a certificate of title, and the court's interpretation in *Couch v. Cockroft*, 490 S.W.2d 713 (Tenn. Ct. App. 1972) of the entrustment provisions of the Uniform Commercial Code. I am persuaded by the district court's analysis of *Couch*, and I agree that there was new value in the transfer of the MSOs. For these reasons I would affirm on the basis of the district court's affirmance of the bankruptcy court opinion.

[the title documents] to resell the vehicles to consumers." *Id.* We do not find this reasoning persuasive. The Ninth Circuit cited no authority in support of its finding that the debtor could not resell the vehicles without title documents. In any event, Tennessee law supports the opposite conclusion.

In summary, we hold that Leisure Vans failed to present a genuine issue of material fact as to whether the MSOs constituted "new value" under the contemporaneous exchange exception to the bankruptcy trustee's avoidance powers. Shelton derived the full value of the customized vans upon receipt because it had the ability to sell the vans immediately, without the MSOs. The MSOs, in turn, had no independent value and, indeed, did not even augment the value of the vans to Shelton. Therefore, Leisure Vans was not entitled to summary judgment based upon the contemporaneous exchange exception.

## IV.

The district court's affirmance of the bankruptcy court's grant of summary judgment in favor of Leisure Vans is **REVERSED** and the case is **REMANDED** to the bankruptcy court for further proceedings.

Section 547(c)(1) establishes an exception to section 547(b) avoidance, providing:

**(c)** The trustee may not avoid under this section a transfer—

> **(1)** to the extent that such transfer was—
>
> > **(A)** intended by the debtor and the creditor to or for whose benefit such transfer was made to be a *contemporaneous exchange for new value* given to the debtor; and
> >
> > **(B)** in fact a substantially contemporaneous exchange.

(Emphasis added.) "New value," as used in this subsection, means:

> money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

11 U.S.C. § 547(a)(2) (1993).

The contemporaneous exchange exception under section 547(c)(1), thus, has three elements: (1) both the debtor and creditor must intend the transfer to be a contemporaneous exchange; (2) the exchange must, in fact, be contemporaneous; and (3) the exchange must be for new value. *In re Gateway Pac. Corp.*, 153 F.3d 915, 918 (8th Cir. 1998). The burden is on the creditor, Leisure Vans, to demonstrate the elements of this exception. 11 U.S.C. § 547(g) (1993).

The purpose of the contemporaneous exchange exception is to "encourage creditors to continue doing business with

troubled debtors who may then be able to avoid bankruptcy altogether." *In re Jones Truck Lines, Inc.*, 130 F.3d 323, 326 (8th Cir. 1997). In addition, this exception recognizes that the debtor's payment does not adversely affect other creditors because the payment is offset by the debtor's receipt of new value.

The district court relied on Tennessee law governing vehicle titling and registration in holding that a vehicle MSO constitutes "new value" for purposes of the contemporaneous exchange exception. Under Tennessee law, an individual who purchases a new vehicle from a dealer must submit a bill of sale *and* the MSO to obtain a certificate of title from the state. Tenn. Code Ann. § 55-3-103(c) (1998). It is illegal to drive in Tennessee without a certificate of title. *Id.* § 55-3-102(a)(2) (1998). Based upon this law, the district court held that the customized vans in Shelton's possession were virtually worthless without the MSOs and, thus, the MSOs constituted "new value" given to Shelton.

The trustee argues that Shelton's receipt of the MSOs from Leisure Vans did not constitute "new value" because Shelton had the ability to sell and transfer legal title to the converted vans upon receipt of the vans. Thus, Shelton could realize the full value of the vehicles without the MSOs. We agree. Under Tennessee law, legal title to the vans passed to Shelton upon delivery, and Shelton could transfer legal title to a buyer in the ordinary course of business even without a title *certificate* or an MSO. *Couch v. Cockroft*, 490 S.W.2d 713, 715 (Tenn. Ct. App. 1972). Legal title is, thus, distinct from documentation of title.

Leisure Vans attempts to distinguish this authority, arguing that even if Shelton could transfer legal title, the vans without the MSOs were worthless as a practical matter. According to Leisure Vans, no purchaser would choose to buy a van without an MSO because the purchaser would be unable to obtain documentation of title and, therefore, could not legally drive the vehicle in Tennessee. This argument relies on an incorrect assumption. Once Leisure Vans delivered the

customized vans to Shelton, it could not legally withhold the MSOs if Shelton thereafter sold the vans to a buyer in the ordinary course of business. Thus, Leisure Vans's argument that the vans were worthless to Shelton without the MSOs is entirely unpersuasive.

A contrary holding would also undermine the purposes of the contemporaneous exchange exception. First, a holding that the MSOs constitute "new value" would not encourage creditors to do business with troubled debtors. To the contrary, such a holding would condone a creditor's attempt to exert leverage over a troubled debtor by retaining a title-related document until a check clears. Second, because Shelton derived no added value from the MSOs, its payments to Leisure Vans would adversely affect other creditors if excepted from the trustee's avoidance powers.

Leisure Vans contends that other circuits have held that the transfer of title-related documents constitutes new value for purposes of the contemporaneous exchange exception, citing *In re Grand Chevrolet, Inc.*, 25 F.3d 728, 734 (9th Cir. 1994), and *In re Barefoot*, 952 F.2d 795, 800 (4th Cir. 1991). Leisure Vans misinterprets these cases, however. The Fourth Circuit in *Barefoot* ruled that the contemporaneous exchange exception was inapplicable because contemporaneity was lacking. The court specifically declined to decide if the release of MSOs for mobile homes constituted "new value." *Id.* at 800 n.*. Moreover, *Barefoot* is distinguishable because the parties in that case agreed that the creditor released a purchase money security interest in the mobile homes upon releasing the MSOs. In this case, Leisure Vans retained no security interest in the vans upon delivery to Shelton.

In *Grand Chevrolet*, 25 F.3d at 734, the Ninth Circuit held that title documents to vehicles *may have* constituted "new value" under the contemporaneous exchange rule and remanded to the district court to measure the extent of the new value conferred by the transfer of those title documents along with unperfected security interests. The court reached this conclusion based on its finding that "the debtor needed